UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WENDY DRUMM | : | |
| | : | |
| v. | : | C.A. NO.: 08-232 S |
| | : | |
| CVS PHARMACY, INC. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

PARTIES AND BACKGROUND FACTS

1. The defendant neither admits nor denies, because it has no knowledge of same, the allegations contained in paragraph 1 and, therefore, calls upon the plaintiff to prove same.

2. The defendant admits the allegations contained in paragraph 2.

3. The defendant neither admits nor denies, because it has no knowledge of same, the allegations contained in paragraph 3 and, therefore, calls upon the plaintiff to prove same.

4. The defendant admits the allegations contained in the first sentence of paragraph 4. The defendant neither admits nor denies, because it has no knowledge of same, the remaining allegations contained in paragraph 4 and, therefore, calls upon the plaintiff to prove same.

5. The defendant admits that it recruited plaintiff for the position of chief creative director, and that, as part of the recruitment process, the defendant flew plaintiff to Rhode Island to meet with a number of executives. The defendant neither admits nor denies, because it has no knowledge of same, the remaining allegations contained in paragraph 5 and, therefore, calls upon the plaintiff to prove same.

6. The defendant denies the allegations contained in paragraph 6.

7. The defendant denies the allegations contained in paragraph 7.

8. The defendant admits that it delivered to plaintiff a written offer of employment dated September 16, 2003. The defendant neither admits nor denies the content of that offer as it is contained in a written document that speaks for itself.

9. The defendant admits that plaintiff began her employment with the defendant on September 29, 2003. The defendant denies the remaining allegations contained in paragraph 9.

10. The defendant denies the allegations contained in paragraph 10.

11. The defendant denies the allegations contained in paragraph 11.

12. The defendant admits that plaintiff's 2004 and 2006 year-end reviews contained overall ratings of "meets expectations." The defendant neither admits nor denies the contents of those year-end reviews as they are written documents that speak for themselves. The defendant neither admits nor denies, because it has no knowledge of same, the date on which plaintiff received her 2006 year-end review and, therefore, calls upon the plaintiff to prove same. The defendant denies the remaining allegations contained in paragraph 12.

13. The defendant admits that, in plaintiff's 2005 year-end review, it gave plaintiff an overall rating of "needs improvement." The defendant neither admits nor denies the content of the 2005 year-end review as it is a written document that speaks for itself. The defendant further admits that, in or about March 2006, it placed plaintiff on a 60-day plan to improve plaintiff's job performance. The defendant denies the remaining allegations contained in paragraph 13.

14. The defendant denies the allegations contained in paragraph 14.

15. The defendant admits that plaintiff received a 2% raise in her annual salary in April 2004; a 4% increase in her annual salary in April 2005; a 2% increase in her annual salary

in April 2006; and a 3.5% increase in her annual salary in April 2007. The defendant denies the remaining allegations contained in paragraph 15.

16. The defendant denies the allegations contained in paragraph 16.

17. The defendant admits that, in early January 2007, Robert Price assumed the position of defendant's Vice President-Retail Advertising and Marketing, and became plaintiff's direct supervisor. The defendant denies the remaining allegations contained in paragraph 17.

18. The defendant denies the allegations contained in paragraph 18.

19. The defendant denies the allegations contained in paragraph 19.

20. The defendant admits that it had a need to replace plaintiff in the position of chief creative director with an employee who performed the job to CVS' legitimate expectations.

21. The defendant denies the allegations contained in paragraph 21.

COUNT I

22. The defendant repeats and incorporates by reference its responses to paragraphs 1 through 21 as if set forth in full herein.

23. The defendant denies the allegations contained in paragraph 23.

24. The defendant denies the allegations contained in paragraph 24.

25. The defendant denies the allegations contained in paragraph 25.

26. The defendant denies the allegations contained in paragraph 26, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

COUNT II

27. The defendant repeats and incorporates by reference its responses to paragraphs 1 through 26 as if set forth in full herein.

28. The defendant denies the allegations contained in paragraph 28.

29. The defendant denies the allegations contained in paragraph 29, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

COUNT III

30. The defendant repeats and incorporates by reference its responses to paragraphs 1 through 29 as if set forth in full herein.

31. The defendant denies the allegations contained in paragraph 31.

32. The defendant denies the allegations contained in paragraph 32, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

COUNT IV

33. The defendant repeats and incorporates by reference its responses to Paragraphs 1 through 32 as if set forth in full herein.

34. The defendant denies the allegations contained in paragraph 34, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

COUNT V

35. The defendant repeats and incorporates by reference its responses to paragraphs 1 through 34 as if set forth in full herein.

36. The defendant denies the allegations contained in paragraph 36, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

COUNT VI

37. The defendant repeats and incorporates by reference its responses to paragraphs 1 through 36 as if set forth in full herein.

38. The defendant denies the allegations contained in paragraph 38, and further denies that the plaintiff is entitled to recovery, in any amount, from the defendant.

## DEFENDANT'S DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amount of the losses or damages alleged.

### THIRD DEFENSE

If the plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not responsible.

### FOURTH DEFENSE

Plaintiff's claim is barred or limited to the extent that she has failed to mitigate any damages she may have suffered.

### FIFTH DEFENSE

The defendant states that each and every action of its employees with respect to the plaintiff was taken in good faith and for legitimate, non-discriminatory reasons.

### SIXTH DEFENSE

The plaintiff's Complaint should be dismissed to the extent that plaintiff has failed to comply with statutory pre-requisites and conditions precedent to suit.

### SEVENTH DEFENSE

The plaintiff's Complaint should be dismissed to the extent that it was not timely filed pursuant to the applicable statute of limitations.

**EIGHTH DEFENSE**

The defendant states that, to the extent that the plaintiff engaged in misconduct or unacceptable performance during her employment that would have resulted in her termination had the defendant been aware of said misconduct or unacceptable performance, the plaintiff's claims should be barred for her having engaged in said misconduct or unacceptable performance.

**NINTH DEFENSE**

The defendant states that, even if the plaintiff is able to prove that a prohibited factor motivated the defendant's alleged employment action, which the defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, plaintiff's claims must fail.

**TENTH DEFENSE**

The defendant acted at all times in good faith and reasonably believed that its actions involving the plaintiff did not violate any state or federal law.

**ELEVENTH DEFENSE**

The defendant states that it maintained a policy prohibiting discrimination, and a procedure for the resolution of complaints alleging discrimination.

**TWELFTH DEFENSE**

The defendant states that, at all times, it acted promptly and effectively in response to any complaints asserted by the plaintiff of discrimination.

**THIRTEENTH DEFENSE**

The plaintiff's Complaint is barred, in whole or in part, because the defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior and because the

plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by the defendant or to avoid harm otherwise.

**FOURTEENTH DEFENSE**

The plaintiff's Complaint is barred, in whole or in part, by laches.

**FIFTEENTH DEFENSE**

An award of punitive damages in this case would be contrary to the defendant's good faith efforts to comply with the law.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred by the exclusivity provision contained within Rhode Island's Workers' Compensation Act.

**EIGHTEENTH DEFENSE**

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice or cause.

**NINETEENTH DEFENSE**

Plaintiff's breach of contract claim fails for a lack of offer, acceptance, meeting of the minds and consideration.

Defendant,
CVS PHARMACY, INC.

/s/ Todd M. Reed
Todd M. Reed (#6602)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2008, I served a copy of the within document by causing a copy to be sent via the Court's Electronic Filing System to the following counsel:

TO: R. Daniel Prentiss, Esquire
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

/s/ Todd M. Reed
Todd M. Reed